IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RENITA A. JORDAN, | ) |
|     Plaintiff, | ) Case No.: ) ) |
| v. | ) Judge: ) |
| WESCO INSURANCE COMPANY and ADMIRAL INSURANCE COMPANY, | ) ) ) |
|     Defendants. | ) ) |

## **NOTICE OF REMOVAL**

Defendant, WESCO INSURANCE COMPANY ("Wesco"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), (b) and (c), hereby files this Notice of Removal and in support thereof states as follows:

1. On March 23, 2017, Plaintiff RENITA A. JORDAN ("Jordan"), through counsel, filed a Complaint (the "Jordan Complaint") in the Court of Common Pleas of Cuyahoga County, Ohio styled *Renita A. Jordan v. Wesco Insurance Company, et al.*, Case No. CV 17877764.

2. Wesco was first notified of the Jordan Complaint after it was served with process on or after April 17, 2017. The Notice of Removal is being filed within thirty (30) days of April 17, 2017, and, therefore, is timely under 28 U.S.C. §1446(b).

3. Attached to this Notice of Removal as Group Exhibit A are copies of the Summons and Complaint served upon Wesco. Attached as Exhibit B is a copy of a *Stipulation for First Leave for Defendant Admiral Insurance Company to Move, Plead or Otherwise Respond to the Complaint* which was sent to Wesco. These constitute the process, pleadings and orders served upon Wesco in connection with this matter and, therefore, Wesco has satisfied the requirement of

1

28 U.S.C. §1446(a) that a Notice of Removal be filed together with a copy of all process, pleadings and orders served upon the removing defendants.

    4.    Cuyahoga County, Ohio is within the Eastern Division of the United States District Court for the Northern District of Ohio. Therefore, Wesco has satisfied the requirement of 28 U.S.C. §1441(a) that the removal be to the district court of the United States for the district and division embracing the place where the action is pending.

    5.    This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because this is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Specifically to the amount in controversy, this is a civil action wherein Plaintiff seeks to compel payment by Wesco and/or co-Defendant ADMIRAL INSURANCE COMPANY ("Admiral") of a $1.2 million judgment Jordan obtained against a former insured of Wesco and Admiral.

    6.    This matter is properly considered as being between citizens of different States because:

    a. Plaintiff is an individual citizen of the State of Ohio;

    b. Defendant Wesco is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business, as determined by the "nerve center" test established by the Supreme Court of the United States in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), located at 59 Maiden Lane in the City and State of New York.

    c. Co-Defendant Admiral is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business, as determined by the "nerve center" test established by the Supreme Court of the

        United States in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), located in the State of New Jersey.

    d. DARWIN SELECT INSURANCE COMPANY ("Darwin Select"), originally made a Defendant to this matter, has been dismissed as a Defendant with prejudice (*see* Exhibit C) and, therefore, its citizenship need not be considered by this Court. To the extent that Darwin Select's citizenship could be at issue in determining this Court's subject matter jurisdiction, complete diversity would remain because Darwin Select is an insurance company organized and existing under the laws of the State of Arkansas with its principal place of business, as determined by the "nerve center" test established by the Supreme Court of the United States in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), located in the State of New Jersey, located in the State of Connecticut.

7. With this Court having original subject matter jurisdiction over this matter and with Wesco having complied with the procedural requirements of 28 U.S.C. § 1441 and 28 U.S.C. § 1446, this matter is properly removed to this Court.

WHEREFORE, having established that federal diversity jurisdiction exists, Wesco respectfully requests this Honorable Court to accept jurisdiction over this action and to grant any and all further relief that this Honorable Court may deem equitable and just.

Respectfully submitted,

*/s/ Michelle J. Sheehan*
MICHELLE J. SHEEHAN (#0062548)
**REMINGER CO., L.P.A.**
101 Prospect Avenue West, Suite 1400
Cleveland, Ohio 44115
Phone: 216-687-1311
Fax: 216-687-1841
E-mail: msheehan@reminger.com

**Of Counsel:**
Rostyslaw J. Smyk. Esq.
Ruberry, Stalmack & Garvey, LLC
10 South LaSalle Street
Suite 1800
Chicago, Illinois 60603
Tel. 312-466-8050
ross.smyk@ruberry-law.com

*Attorneys for Defendant*
*Wesco Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2017, I electronically filed the foregoing *Notice of Removal* using the ECF system, which will send notification of such filing to all parties of record. I further certify that there are no "non-ECF participants" in this matter who require paper service.

*/s/ Michelle J. Sheehan*
Michelle J. Sheehan (0062548)

*Attorney for Defendant*
*Wesco Insurance Company*