IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RENITA JORDAN, ) | CASE NO.: 1:17 CV 1025 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| WESCO INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |

This matter is before the Court on Defendant Admiral Insurance Company's Motion for Judgment on the Pleadings. (ECF #16). Plaintiff filed a Response to the motion, and Defendant, Admiral Insurance Company ("Admiral") filed a Reply. (ECF # 21, 27). After careful consideration of the briefs and a review of all relevant authority, the Court finds that Defendant's Motion for Judgment on the Pleadings should be DENIED.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

On September 23, 2016, Plaintiff, Ms. Jordan obtained a default judgment against Mr. Kaufman in the amount of one million, two hundred thousand dollars for legal malpractice. Her Complaint in that case alleged that Mr. Kaufman was negligent in his representation in that he never properly investigated the cause of her injury in order to identify and prosecute the persons responsible for her injury. She further alleged that in August of 2011, Mr. Kaufman filed a Complaint against some individuals who had negligently injured her but failed to include an affidavit of merit. As a result of this failure, the case was dismissed without prejudice on January 18, 2012. Mr. Kaufman re-filed the case on January 17, 2013 and again failed to include an affidavit of merit. The action was again dismissed, without prejudice, on July 12, 2013. Mr. Kaufman filed the Complaint, yet again, on July 11, 2014. On August 26, 2014, the action was dismissed for being outside the statute of limitations. In January of 2015, Mr. Kaufman informed Ms. Jordan that he had been negligent and instructed her to obtain legal counsel.

Plaintiff, Ms. Jordan filed this Complaint alleging that Admiral Insurance Company ("Admiral") insured Mr. Kaufman and is, therefore, responsible for satisfying this judgment, pursuant to O.R.C. §3929.06. The Complaint alleges that Mr. Kaufman was insured by Admiral between March 15, 2011 and March 15, 2013, and that Mr. Kaufman notified Admiral of a claim made against him within the policy period(s), and/or an applicable extended policy coverage

---

[1]The facts as stated in this Memorandum and Order are taken from the Complaint and should not be construed as findings of this Court. In addition, the Court has considered documents referred to in the complaint and central to Plaintiff's allegations, as well as public records and matters deserving of judicial notice that are essential to the Plaintiffs claims. Plaintiff has not contested the validity or accuracy of the contract language, referenced in her Complaint and attached to Admiral's Answer.

period(s). The Complaint also alleges that Mr. Kaufman fully paid his policy premiums and complied with any and all coverage prerequisites within the policy contracts.

Attached to the Complaint were Journal Entries from the Court of Common Pleas of Cuyahoga County evidencing the default judgment against Mr. Kaufman and in favor of Ms. Jordan in the amount of one million, two hundred thousand dollars, plus costs and interest. Also attached were the Declarations Pages from the two Admiral Insurance Company policies referenced in the Complaint. These Declaration Pages show that policy number 91042806 was issued for the period from March 15, 2011 through March 15, 2012, and policy number 91094200 was issued for the period from March 15, 2012 through March 15, 2013.

Admiral's Answer to the Complaint admitted that Mr. Kaufman had policies with the company beginning in March 15, 2011, but it claims coverage was only provided through August 9, 2012. It also attached copies of the two policies in effect during those years, including a revised declarations page, not presented by Plaintiff, which shows that policy 91094200 was modified on August 9, 2012 to change the end date for coverage from from March 15, 2013 to August 9, 2012.

Both policies include a disclaimer, in bold and all caps, at the top of the policy, which reads:

> THIS POLICY PROVIDES COVERAGE ON A CLAIMS MADE AND REPORTED BASIS SUBJECT TO ITS TERMS. THIS POLICY APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR ANY EXTENDED REPORTING THAT MAY APPLY.

(ECF #7-1, at 3, 6; ECF #7-2 at 3, 6). The Policies promise to pay all damages and claims

expenses that the Insured is "legally obligated to pay, arising from any Claim first made against the Insured during the Policy Period and reported to the Insurer in writing during the Policy Period or within 60 days thereafter." (ECF #7-1, at 6; ECF #7-2, at 6). The sixty day extension of coverage is limited to claims based on "any Wrongful Act fully occurring prior to the end of the Policy Period and otherwise covered by his Policy and only if there is no other policy or policies that would otherwise provide insurance for such Wrongful Act." (ECF #7-1, at 7, ECF #7-2, at 7).

"Claim" is defined as "a written demand for Damages or non-monetary relief by reason of a Wrongful Act." (ECF #7-1, at 7; ECF #7-2, at 7). The policy states that a "Claim shall be deemed to have been first made at the time notice of the Claim is first received by any Insured." (ECF #7-1, at 7; ECF #7-2, at 7). "Damages" are defined as "monetary judgment, award or settlement, pre-judgment interest and post-judgment interest." (ECF #7-1, at 7; ECF #7-2, at 7).

The Policy also allows that:

> If during the Policy Period the Insureds become aware of any fact, circumstance or situation which may reasonably be expected to give rise to a Claim being made against any Insured and shall give written notice to the Insurer, as soon as practicable (but prior to the expiration of or cancellation of the Policy) . . . then any Claim subsequently made arising out of such fact, circumstance or situation shall be deemed to have been made when notice was first given to the Insurer.

(ECF #7-1, at 11; ECF #7-2, at 11).

Defendants have filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Plaintiffs oppose this motion.

## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(c), this Court's inquiry is generally limited to the content of the complaint, although matters of public record, orders, and exhibits attached to the pleadings may also be taken into account. *See* Fed. R. Civ.P. *10(c); Smith v. Board of Trs. Lakeland Cmty. College*, 746 F.Supp. 2d 877, 889 (N.D. Ohio 2010). In evaluating a motion for dismissal under Rule 12(c), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Although construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

As a preliminary matter, the parties have asserted different applicable policy periods in their pleadings. Plaintiff has alleged that the Admiral policies were in effect from March 15, 2011 through March 15, 2013. She has attached to the Complaint the Declaration Pages from the policies, which show these dates. She also alleges in the Complaint that Mr. Kaufman fully paid all of his policy premiums. Defendant, on the other hand alleges that Mr. Kaufman failed to pay for part of his second policy and, as a result, the last policy expired on August 9, 2012. It has attached to its Answer a revised Declaration Page, which purports to show this change. On a motion for judgment on the pleadings, the Court may consider all of the pleadings, including the Complaint, the Answer, and all attachments thereto. However, when there is a discrepancy between the Complaint and the Answer, as there is on this issue, the Court must consider the pleadings in the light most favorable to the non-moving party, in this case, Ms. Jordan. For purposes of this motion, therefore, the Court will accept Plaintiff's assertion that the policies at issue were in effect from March 15, 2011 through March 15, 2013.

The soonest that any coverage could have been triggered for a Claim against Mr. Kaufman under the terms of the Admiral policies was when Mr. Kaufman "become aware of any fact, circumstance or situation which may reasonably be expected to give rise to a Claim" against him," if he gave written notice of that fact, circumstance or situation to Admiral. (ECF #7-2, at 11). Admiral argues that Mr. Kaufman could not have been aware of such fact, circumstance or situation until he knew that Ms. Jordan's claim had become permanently barred, because that would be when she suffered cognizable damage giving rise to her cause of action. The question is not, however, when a claim against the insured actually arose, but when Mr.

Kaufman could have reasonably believed that his actions might give rise to a claim against him. Athough Ms. Jordan could not have succeeded on a malpractice claim without having incurred damage, Mr. Kaufman could have reasonably anticipated a claim would be filed after he committed the negligent actions, but before the resulting damage had occurred. Reasonable expectation that an act or failure to act will "give rise to a Claim" does not necessarily require that damage has already occurred or that a Claim will, in fact, be filed.

Ms. Jordan claims that her medical malpractice claims accrued on February 2, 2011. (ECF #1). There is a one year statute of limitations on medical malpractice claims in Ohio. O.R.C. §2305.113(A). Thus, her case had to have been filed by February 2, 2012. Mr. Kaufman filed a Complaint on her behalf in August of 2011, prior to the expiration of the statute of limitations. In filing the Complaint, however, he failed to include an affidavit of merit, which is required under Ohio law. Ohio Civil Rule 10(D)(2). The case was, therefore, dismissed without prejudice on January 18, 2012.

Mr. Kaufman filed a second Complaint on behalf of Ms. Jordan on January 17, 2013. The state court accepted the Complaint as timely even though the statute of limitations had expired, because the prior action had been dismissed under Ohio Civil Rule 10(D)(2)(d) "otherwise than upon the merits," and O.R.C. §2305.19 generally allows a Plaintiff to re-file a claim that failed "otherwise than upon the merits" within one year. Once again, however, Mr. Kaufman failed to file an affidavit of merit. [2] Because he failed to file an affidavit of merit, the

---

[2] Mr. Kaufman did, apparently file a motion for an extension of time in which to filed the affidavit, and that motion was granted by the Court of Common Pleas. The extension was granted until June 12, 2013. There is, however, no evidence of when this motion was filed, or whether Mr. Kaufman had reason to believe it would be granted. Therefore, the

-7-

Complaint was subject to dismissal at that time. Any resulting dismissal, although it would be without prejudice under Ohio Civ. R. 10(D)(2)(d), would eliminate Ms. Jordan's ability to recover on the claim because the one year re-filing window provided under O.R.C. §2305.19 only applies to a first dismissal. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997. Therefore, absent some knowledge as yet unknown to this Court, when Mr. Kaufman failed to file a Complaint containing an affidavit of merit on or before January 17, 2013, his failure to act was a fact or circumstance that he could have reasonably believed would give rise to a claim against him. If Mr. Kaufman gave written notice to Admiral of these facts and circumstances, as is alleged in the Complaint, it could have constituted a notice of Claim under the policy language.

Taking Ms. Jordan's version of the policy expiration date as correct, the very latest that Mr. Kaufman could have notified Admiral of the potential for the existence of a covered claim, even under the most generous reading of the contract language, would have been May 15, 2013, sixty days after the expiration of the policy.[3] Circumstances that gave rise to the malpractice claim occurred on or before January 17, 2013, which is within the policy period as alleged by Ms. Jordan. Therefore, if all of the conditions to coverage were met, as alleged in Ms. Jordan's

---

extension of time to file, after January 17, 2013, does not factor into the time line this Court can consider for purposes of a motion to dismiss.

[3] The policy generally provides coverage for claims that were brought up to sixty days after the coverage period, but were based on wrongful acts that took place within the policy period. It is not clear that the extra sixty days would apply to claims that were "deemed" to have been made within the policy period based solely on the provision of written notice that a "fact, circumstance or situation" arose that could reasonably be expected to result in a claim.

Complaint, Admiral could potentially be liable for the judgment Ms. Jordan obtained against Mr. Kaufman for legal malpractice.

Admiral has advanced several factual arguments countering the allegations in the Complaint that are more appropriately considered at the summary judgment stage. At this stage of the litigation, however, the Complaint sufficiently pleads a cause of action when read together with the attachments to the pleadings and the available public records, and when taken in the light most favorable to the Plaintiff. For these reasons, the motion to dismiss on the pleadings cannot be granted.

## CONCLUSION

For the reasons set forth above Defendant Admiral Insurance Company's Motion for Judgment on the Pleadings, (ECF #16), is DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *September 21, 2017*